UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **DARRELL LETOURNEAU** § | | CIVIL ACTION NO._____ |
| *Plaintiff* § | | |
| vs. § | | **JURY DEMANDED** |
| § | | |
| **TEXAS FARM BUREAU** § | | |
| *Defendant* § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

I.   S<small>UMMARY</small>

1.   Plaintiff, Darrell Letourneau ("Letourneau") brings this action against Defendant, Texas Farm Bureau ("Farm Bureau") for failing to pay overtime as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201, *et seq.*

II.   T<small>HE</small> P<small>ARTIES,</small> J<small>URISDICTION</small> A<small>ND</small> V<small>ENUE</small>

2.   Letourneau is a former employee of Farm Bureau who resides in Brazoria County, Texas.

3.   Farm Bureau is an insurance company that has offices and does business in the Southern District of Texas, Galveston Division. Farm Bureau can be served through its registered agent, Vernie R. Glasson, 7420, Fish Pond Road, Waco, Texas 76710.

4.   This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because Farm Bureau resides and does business in Texas and is subject to personal jurisdiction in Texas.

III.   T<small>HE</small> F<small>ACTS</small>

6.   Farm Bureau is an insurance company offering various forms of insurance to consumers including automobile, home, property, life and health insurance coverage.  Its employees handle

a wide variety of goods or services that have moved in interstate commerce.

7. Farm Bureau is headquartered in Waco, Texas, and does business in a number of states. Its annual gross revenues exceed $500,000.00.

8. As part of its automobile insurance department, Farm Bureau employs appraisers *and* adjusters.

9. Letourneau worked as an appraiser in Farm Bureau's automobile insurance department primarily appraising and assessing automobile and vehicle damage. Letourneau's vehicle appraisals were then forwarded to an adjuster employed by Farm Bureau who had the ultimate authority and final decision-making powers regarding claim adjustment and resolution.

10. Letourneau regularly worked in excess of forty (40) hours per week.

11. During his employment with Farm Bureau, Letourneau was not engaged in work that was directly related to management policies or general business operations of Farm Bureau.

12. Letourneau's primary duty was not the performance of office or non-manual work. Letourneau's primary duty was manual labor which consisted of driving to locations and physically inspecting and assessing damaged vehicles in auto body shops, scrap yards, impound lots and other non-office settings.

13. Farm Bureau paid Letourneau a maximum amount per week, regardless of the number of hours he worked.

14. Farm Bureau did not pay Letourneau overtime for the hours he worked in excess of forty (40) in a workweek although it was legally required to do so under the FLSA.

15. In fact, in a meeting with most, if not all of its appraisers in approximately 2003, in which Letourneau was present, Farm Bureau specifically stated that the appraisers would be classified as salaried, non-exempt employees who would be entitled to and paid one-and-one-half times

overtime wages for all hours worked in excess of 40 hours in a workweek. However, Farm Bureau failed to honor its promise to the appraisers and its legally required obligations under the FLSA.

16. In this connection, this is not a case of Farm Bureau misclassifying Letourneau as exempt under the FLSA. Rather, this is a case of Farm Bureau correctly classifying Letourneau as non-exempt yet willfully failed to pay the legally required overtime wages.

### VI.   CAUSE OF ACTION

17. Letourneau incorporates the preceding paragraphs by reference. Farm Bureau did not pay Letourneau the legally required overtime wages for all hours in excess of 40 in a workweek. In this regard, Farm Bureau acted willfully or with reckless disregard as to whether its pay practices complied with the FLSA.

18. The FLSA requires an employer to pay its employees at no less than one-and-one-half times Farm Bureau their regular rates for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

19. Farm Bureau's willful failure to pay Letourneau overtime for the weeks in which he worked in excess of forty (40) hours violated the FLSA.

20. Farm Bureau is liable to Letourneau for unpaid overtime.

21. Farm Bureau is liable to Letourneau for an equal amount of his unpaid overtime in liquidated damages.

22. Letourneau is also entitled to recover all reasonable attorneys' fees and costs incurred in this action. 29 U.S.C. § 216(b).

### V.   JURY DEMAND

23. Letourneau demands a trial by jury.

## VI.   PRAYER

Letourneau respectfully requests judgment in his favor awarding:

24. Unpaid overtime wages for each hour worked in excess of forty (40) in a workweek;

25. An equal amount as liquidated damages;

26. Reasonable attorney's fees, costs and litigation expenses;

27. Post judgment interest at the highest rate allowed by law; and

28. Such other and further relief as may be permitted or required by law.

Respectfully submitted,

By:   /s/ Clark Woodson III
CLARK WOODSON III
601 East Myrtle
Angleton, Texas  77515
(979) 849-6080
State Bar No. 00794880
S.D. Tex. No. 21481
**Attorney for Plaintiff**